UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES ROBERT TURNER,         :       CIVIL NO. **1:05-CV-1145**
                             :
            Plaintiff        :
        v.                   :       (Magistrate Judge Smyser)
                             :
UNITED STATES OF AMERICA,    :
                             :
            Defendant        :


## MEMORANDUM AND ORDER

The plaintiff, a federal prisoner proceeding *pro se*, commenced this action by filing a complaint on June 7, 2005.  The plaintiff is incarcerated at the Federal Correctional Institution at Allenwood.  The defendant is the United States of America. The plaintiff's complaint is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346, 2671 *et seq.*   The plaintiff alleges that in November of 2002 he fell and broke his right ankle.  He claims that prison officials failed to properly treat his broken ankle.

On October 6, 2005, the plaintiff filed a motion for a temporary restraining order and a preliminary injunction.  The

plaintiff did not file a brief in support of his motion as required by Local Rule 7.5.[1]  The plaintiff did, however, file a declaration in support of his motion.  After requesting and receiving an extension of time, the defendant filed a brief in opposition to the plaintiff's motion on October 31, 2005.  On November 14, 2005, the plaintiff filed a reply brief.

By a Report and Recommendation filed on January 10, 2006, we recommended that the plaintiff's motion for a temporary restraining order and a preliminary injunction be denied and that the case be remanded to the undersigned for further proceedings. Subsequently, on January 23, 2006, the case was reassigned to the undersigned based on the parties consent to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c).  Given that the case has been reassigned to the undersigned, we will convert the Report and Recommendation into this Order addressing the

---

[1] Normally, when a brief in support of a motion is required by Local Rule 7.5 and a party does not file a brief in support, pursuant to Local Rule 7.5, the motion is deemed withdrawn. However, in this case, since the defendants have filed a brief in opposition to the plaintiff's motion, despite the lack of a brief in support of the plaintiff's motion we will not deem the motion withdrawn.

plaintiff's motion for a temporary restraining order and a
preliminary injunction.

A district court "may permissibly grant the
"extraordinary remedy" of a preliminary injunction only if '(1)
the plaintiff is likely to succeed on the merits; (2) denial will
result in irreparable harm to the plaintiff; (3) granting the
injunction will not result in irreparable harm to the defendant;
and (4) granting the injunction is in the public interest." *P.C.
Yonkers v. Celebrations the Party and Seasonal Superstore,* 428
F.3d 504, 508 (3d Cir. 2005)(quoting *Nutrasweet Co. v. Vit-Mar
Enterprises,* 176 F.3d 151, 153 (3d Cir. 1999)).  "The burden lies
with the plaintiff to establish every element in its favor, or
the grant of a preliminary injunction is inappropriate." *Id.*

The plaintiff is seeking a preliminary injunction
requiring the defendant to provide medical treatment for his
right ankle.  In his motion, the plaintiff requests that the
defendant be ordered to provide appropriate medical treatment
designed to restore and maintain the full function of his right
ankle.  In his declaration, the plaintiff requests that the

3

defendant be required to have a qualified specialist set his
ankle back in its normal position and provide a plan of treatment
for his osteoporosis, degeneration and chronic arthritis.

The plaintiff's claim is a negligence and medical
malpractice claim under the Federal Tort Claims Act (FTCA).   The
FTCA provides, in relevant part, that the "United States shall be
liable . . . in the same manner and to the same extent as a
private individual under like circumstances." 28 U.S.C. § 2674.
A person may sue under the FTCA to recover damages from the
United States for personal injuries sustained during confinement
in a federal prison by reason of the negligence of a government
employee. *United States v. Muniz*, 374 U.S. 150 (1963).

Under the FTCA, the law of the place where an act or
omission occurs is to be applied. 28 U.S.C. § 1346(b).  Thus, in
determining whether the United States owes a duty to the
plaintiff, whether the United States breached that duty and
whether that breach was the proximate cause of the plaintiff's
injuries, the law of Pennsylvania ordinarily applies. *Hossic v.
United States*, 682 F.Supp. 23, 24-25 (M.D.Pa. 1987).  However, 18

4

U.S.C. § 4042 governs the United States' duty of care in cases involving injury to federal prisoners. *Id.* at 25; *Turner v. Miller*, 679 F.Supp. 441, 443 (M.D.Pa. 1987).  The duty of care as provided by 18 U.S.C. § 4042 is that of ordinary diligence. *Hossic, supra,* 682 F.Supp. at 25; *Turner, supra*, 679 F.Supp. at 443.

To the extent that the plaintiff is claiming that prison officials did not refer him in a timely manner to an appropriate medical provider for examination and treatment of his ankle the plaintiff's claim is an ordinary negligence claim.  "A claim for negligence under Pennsylvania law contains four elements: (1) a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting in harm to the interests of another." *Northwest Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 139 (3d Cir. 2005).

To the extent that the plaintiff is claiming that the nurses, physician assistants and doctors who examined and treated him did not provide appropriate care, the plaintiff's claim is a medical malpractice claim.  In order to establish a prima facie case of medical malpractice, a plaintiff must establish: (1) a duty owed by the physician to the patient; (2) a breach of that duty; (3) that the breach of duty was the proximate cause of, or a substantial factor in, bringing about the harm suffered by the patient; and (4) damages suffered by the patient that were a direct result of that harm.  *Mitzelfelt v. Kamrin*, 584 A.2d 888, 891 (Pa. 1990).   "Because the negligence of a physician encompasses matters not within the ordinary knowledge and experience of laypersons a medical malpractice plaintiff must present expert testimony to establish the applicable standard of care, the deviation from that standard, causation and the extent of the injury." *Toogood v. Rogal*, 824 A.2d 1140, 1145 (Pa. 2003). There is a very narrow exception to the requirement of expert testimony "where the matter is so simple or the lack of skill or care so obvious as to be within the range of experience and comprehension of even non-professional persons." *Id.* (quoting *Hightower-Warren v. Silk*, 698 A.2d 52, 54 n.1 (Pa. 1997)).

6

The defendant has presented a declaration from Dr. James
Brady, a clinical director at Allenwood.  Dr. Brady states that
he has reviewed the plaintiff's medical records.  After providing
a summary of the medical records regarding the treatment the
plaintiff received for his broken ankle, Dr. Brady concludes that
the plaintiff received appropriate medical care.  *Doc. 23,
Exhibit 1.*  Dr. Brady summarized his opinion as follows:

> In conclusion, Inmate Turner did sustain a
> fracture to his right ankle on November 29, 2002.
> He received prompt and appropriate medical care
> and was referred appropriately to an Orthopaedic
> Surgeon.  Inmate Turner received follow-up care
> from institution medical staff and the consultant
> Orthopaedic Surgeon.  As inmate Turner continued
> to have chronic pain, a second opinion was sought
> by the institution medical staff.  Surgery, at
> one point, was recommended but due to . . .
> Inmate Turner's non-compliance with anti-
> hypertensive medications, he was not a good
> surgical candidate and the risks of the surgery
> outweighed the benefit.  Healing of the fracture
> sight, although slow, did occur.  Unfortunately,
> as occurs in many fractures, arthritic changes
> had occurred.  Any degenerative problems, chronic
> or arthritic pain that inmate Turner experiences
> can be treated with over-the-counter pain
> medications which are available in the
> institution commissary.  Health Services staff
> are available to educate inmate Turner on
> appropriate and effective use of those over-the-
> counter medications.  Inmate Turner has received
> appropriate medical care for his complaints and
> Health Services staff are available at the

> institution to provide further treatment for the
> Plaintiff as requested and medically indicated.

*Id. at ¶*50.


The plaintiff disagrees with Dr. Brady regarding what his medical records provide and with his conclusion that he received appropriate medial care.  The plaintiff, however, has not presented an affidavit or declaration from a medical professional regarding his care.  Given Dr. Brady's opinion that the plaintiff received appropriate medical care and the lack of any contrary opinion from a medical expert for the plaintiff, we conclude that he plaintiff does not have a reasonable probability of succeeding on the merits of his claim.  Accordingly, the plaintiff is not entitled to preliminary injunctive relief.


**IT IS ORDERED** that the plaintiff's motion (doc. 16) for a temporary restraining order and a preliminary injunction is **DENIED**.


*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  January 25, 2006.

8